UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No.: | 2:26-cv-03862-AB-PVC | Date: | July 27, 2026 |

Title: *Precious Holloway v Aer Lingus Limited et al*

Present: The Honorable **ANDRÉ BIROTTE JR., United States District Judge**

| | |
|---|---|
| Evelyn Chun | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Appearing | None Appearing |

**Proceedings: [In Chambers] ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 18]**

Pending before the Court is Plaintiff Precious Holloway's ("Plaintiff") Motion to Remand ("Mot.," Dkt. No. 18). Defendant Aer Lingus Limited ("Defendant") filed an Opposition ("Opp'n," Dkt. No. 20), and Plaintiff filed a Reply ("Reply," Dkt. No. 1-2). Plaintiff also filed a Request for Judicial Notice in Support of Motion to Remand ("RJN," Dkt. No. 18-2). Finding the matter suitable for decision without oral argument, the Court took the Motion under submission. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the following reasons, the Request for Judicial Notice is **DENIED** and the Motion to Remand is **DENIED.**

## I. BACKGROUND

This case arises from allegations that Defendant failed to properly handle and timely return Plaintiff's power wheelchair and failed to provide required disability assistance during international travel. *See generally* Complaint

("Compl."), Dkt. No. 1-1.[1] Plaintiff brings five causes of action: (1) violations of Articles 17 and 19 of the Montreal Convention; (2) negligence; (3) violation of the California Unruh Civil Rights Act, Cal. Civ. Code §§ 51–52; (4) negligent infliction of emotional distress; and (5) intentional infliction of emotional distress. See *id.* at 6–9.

Plaintiff commenced this action on March 6, 2026, in the Superior Court of California, County of Los Angeles. *See id* at 1. On April 9, 2026, Defendant filed a General Denial and Affirmative Defenses. Dkt. No. 1-2. On April 10, 2026, Defendant removed the action to this Court, asserting federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *See* Notice of Removal ("NOR"), Dkt. No. 1 ¶¶ 5–21.

On May 17, 2026, Plaintiff filed the instant Motion to Remand, arguing that Defendant has not established federal jurisdiction because the Montreal Convention does not completely preempt her state-law claims, the amount in controversy does not exceed $75,000, and the state court retains concurrent jurisdiction. *See* Mot. at 5–8. Defendant opposes the Motion, arguing that Plaintiff's Montreal Convention claim supports federal-question jurisdiction and that diversity jurisdiction independently exists. *See* Opp'n at 2–8. Plaintiff did not file a reply.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and have subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where a plaintiff's well-pleaded complaint presents a federal question or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. *Id.* §§ 1331, 1332(a).

There is a strong presumption against removal jurisdiction, so it "must be

[1] The Court notes that Plaintiff's Complaint restarts its paragraph numbering following each section heading, resulting in multiple paragraphs bearing the same numerical designation. To avoid confusion, the Court cites to the page numbers of the Complaint rather than paragraph numbers when referring to allegations in the pleading.

rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The removing party bears the burden of establishing federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III. REQUEST FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201, courts may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). In connection with the Motion to Remand.

Plaintiff asks the Court to take judicial notice of the Complaint, the Notice of Removal and Defendant's General Denial and Affirmative Defenses *See generally* RJN. A court may consider 'documents attached to the complaint; documents incorporated by reference in the complaint or matters of judicial notice." *United States v Ritchie*, 342 F.3d 903,908 (9th Cir 2003). Additionally, when ruling on a motion to remand, the court necessarily considers the complaint and the notice of removal. *Emeldi v Univ. of Or.,* 698 F.3d 715,731 (9th Cir. 2012). Because the Court may consider these documents without taking judicial notice of them, Plaintiff's request for judicial notice is **DENIED**

## IV. DISCUSSION

Plaintiff argues that removal was improper because the Montreal Convention does not completely preempt her state-law claims and because Defendant has not established diversity jurisdiction. *See* Mot. The Court first considers whether federal-question jurisdiction exists before addressing Defendant's alternative argument that diversity jurisdiction independently supports removal.

### A. Federal Question Jurisdiction

Federal courts have federal-question jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal-question jurisdiction pursuant to 28 U.S.C. § 1331 arises in two situations." *Cummings v. Cenergy Int'l Servs., LLC*, 258 F. Supp. 3d 1097, 1106 (E.D. Cal. 2017). "First, a court may exercise federal-question jurisdiction where a

federal right or immunity is 'an element, and an essential one, of the plaintiff's cause of action.' " *Id*. (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983)). "Second, federal-question jurisdiction arises where a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.' " *Id*. (quoting *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "A defense is not a part of a plaintiff's properly pleaded statement of his or her claim." *Cummings*, 258 F. Supp. 3d at 1106 (quoting *Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998)); *see also Silverstein v. Delta Airlines Inc.*, No. 2:11 -CV-00236-JHN-JCx, 2011 WL 13218046, at *2 (C.D. Cal. Apr. 7, 2011) (quoting *Caterpillar*, 480 U.S. at 392) (stating "removal to federal court cannot be based on a federal 'defense, including the defense of pre-emption"). Plaintiff is the "master of the complaint" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392.

*i. <u>Plaintiff's Montreal Claim</u>*

The Montreal Convention, which replaced the Warsaw Convention, establishes a uniform framework governing airline liability and "applies to all international carriage of persons, baggage or cargo performed by aircraft." *See* Convention for the Unification of Certain Rules for International Carriage by Air ("Montreal Convention"), art. 1(1), May 28, 1999, S. Treaty Doc. No. 106-45 (2000). The Convention addresses liability arising from passenger injury or death, damage to or loss of baggage or cargo, and damages resulting from delays in transportation. *See id.* arts. 17–19. Article 29 further provides that any action for damages arising from the carriage of passengers, baggage, or cargo—"whether under this Convention or in contract or in tort or otherwise"—is subject to the conditions and limitations of liability established by the Convention:

> "In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as

to who are the persons who have the right to bring suit and what are their respective rights."

*Id.* art. 29. Although the Montreal Convention retains limitations on airline liability, it was designed to modernize the Warsaw Convention framework by balancing protections for air carriers with greater recognition of passenger and shipper rights. *See Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006), aff'd, 309 F. App'x 483 (2d Cir. 2009).

The Convention defines "international carriage" based on the agreed places of departure and destination, and a journey may qualify as international carriage even if it includes domestic segments, so long as the domestic segment constitutes an agreed stopping place within a broader international journey between two signatory nations. *See* Montreal Convention art. 1(2).

Defendant claims that because "Plaintiff chose to plead a claim under the Montreal Convention, Plaintiff's Complaint was properly removed to this Court under § 1331." Opp'n at 5; *see also* NOR ¶¶ 13–21. Plaintiff expressly asserts a claim for violations of Articles 17 and 19 of the Montreal Convention. *See* Compl. at 6–7. Accordingly, the Complaint presents a federal claim on its face. Defendant argues that this claim provides original federal-question jurisdiction under 28 U.S.C. § 1331 and that Plaintiff's remaining state-law claims fall within the Court's supplemental jurisdiction. *See* Opp'n at 11–13. Plaintiff does not dispute that she asserts a claim under the Montreal Convention but argues that the presence of that claim does not render the entire action removable because her remaining state-law claims are not completely preempted. *See* Mot. at 4–7.

The Court agrees that Plaintiff's Montreal Convention claim presents a federal question. The remaining question is whether Plaintiff's state-law claims fall within the Court's supplemental jurisdiction or are independently transformed into federal claims through complete preemption.

*ii. Complete Preemption*

"The doctrine of 'complete preemption' serves as a narrow exception to the well-pleaded complaint rule." *Id.*, at *2 (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000)). Complete preemption exists where the "preemptive force of [a] statute[ ] is so strong that [it] 'completely preempt[s]' an area of state law." *Balcorta*, 208 F.3d at 1107 (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)). "In such instances, any claim

purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 24 (1983)).

The complete preemption exception to the well-pleaded complaint rule is very narrow. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("The [complete preemption] doctrine ... is a narrow exception to the 'well-pleaded complaint rule.' "). In fact, "only three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act, (2) claims under the Employment Retirement and Insurance Security Act (ERISA), and (3) certain Indian land grant rights." *Zatta v. Societe Air France*, No. SA CV 11-0647 DOC, 2011 WL 2472280, at *2 (C.D. Cal. Jun. 21, 2011) (quotation omitted).

Complete preemption is distinct from federal preemption, which regards whether a plaintiff's state law claim may proceed. *Dizon v. Asiana Airlines, Inc.*, 240 F. Supp. 3d 1036, 1046 (C.D. Cal. 2017) ("[C]omplete preemption—i.e., whether a plaintiff must bring a claim under the Montreal Convention in federal court—[is] a different issue than federal preemption—i.e., whether a plaintiff's state law cause of action may proceed when his Montreal Convention claim fails."). Put another way, "[t]he fact that individual claims may be preempted does not mean the entire field is preempted, and the defense of claim preemption does not convert a complaint brought under state law into one 'arising under' federal law." *Oganesyan v. Am. Airlines Cargo*, No. CV 13-6190 SVW, 2013 WL 6229173, at *2 (C.D. Cal. Nov. 26, 2013).

Ordinarily, federal preemption is a defense that does not provide a basis for removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987). Complete preemption is a narrow exception that applies only where federal law has such extraordinary preemptive force that it converts a state-law claim into a federal claim for purposes of federal-question jurisdiction. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–66 (1987).

Defendant contends that Plaintiff's Montreal Convention claim provides a basis for federal-question jurisdiction because the Convention completely preempts Plaintiff's related state-law claims. Defendant argues that the Montreal Convention, which superseded the Warsaw Convention, should be interpreted consistently with Warsaw Convention precedent addressing the Convention's preemptive effect. *See* Opp'n at 3–5 (citing *Narayanan v. British Airways*, 747

F.3d 1125, 1127 n.2 (9th Cir. 2014)). Relying primarily on *El Al Israel Airlines, Ltd. v. Tseng*, Defendant argues that, where applicable, the Montreal Convention provides the exclusive remedy for claims arising from international carriage and precludes state-law causes of action "whether in contract or tort." *See id*. at 4–5 (citing *Tseng,* 525 U.S. 155, 161 (1999)). Defendant further argues that Plaintiff's negligence, emotional distress, and Unruh Act claims arise from the same international flight, wheelchair damage, and resulting injuries as her Montreal Convention claim, and therefore fall within the Court's supplemental jurisdiction. *See id.* at 5–6. Finally, Defendant contends that Plaintiff cannot avoid federal jurisdiction by characterizing her claims as separate "Convention" and "California" claims because the Montreal Convention expressly preempts domestic-law claims that fall within its scope. *See id.* at 5 (citing *Arzu v. American Airlines, Inc.*, 2026 WL 1346555, at *7 (5th Cir. May 14, 2026)).

Plaintiff responds that, although her claims concerning damage to and delay in returning her wheelchair may fall within the Montreal Convention's scope, her state-law claims are based on separate allegations of disability discrimination and accessibility failures that occurred after she had disembarked the aircraft. *See* Mot. at 4–7. Plaintiff argues that the Convention does not completely preempt those claims merely because they arise from the same overall travel experience. *See id.* The Court need not resolve the full scope of the Montreal Convention's preemptive effect to determine whether removal was proper. Unlike cases in which defendants rely solely on complete preemption of state-law claims to establish federal jurisdiction, Plaintiff's Complaint expressly asserts a claim under Articles 17 and 19 of the Montreal Convention. *See* Compl. That claim arises under federal law and provides an independent basis for federal-question jurisdiction under 28 U.S.C. § 1331.

The remaining question is whether the Court may exercise supplemental jurisdiction over Plaintiff's state-law claims. A federal court may exercise supplemental jurisdiction over state-law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims satisfy this requirement when they derive from a common nucleus of operative fact and would ordinarily be expected to be tried together. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Here, Plaintiff's state-law claims arise from the same alleged international carriage, the same wheelchair damage and delay, and the same alleged resulting injuries that form the basis of her Montreal Convention claim. *See* Compl. at 6–9. Although Plaintiff characterizes her state-law claims as involving additional

disability discrimination and accessibility-related conduct, those allegations remain intertwined with the same underlying travel incident and alleged harm. Accordingly, Plaintiff's state-law claims fall within the Court's supplemental jurisdiction.

Because Plaintiff expressly pleaded a Montreal Convention claim and her related state-law claims fall within the Court's supplemental jurisdiction, Defendant was not required to establish that the Montreal Convention completely preempts those state-law claims to support removal. Plaintiff's complete-preemption argument therefore does not provide a basis for remand.

**B. Diversity Jurisdiction**

A defendant may remove a civil action filed in state court to federal court when the federal district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987).

A removing defendant bears the burden of establishing federal jurisdiction. *See Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among opposing parties. 28 U.S.C. § 1332(a)(1).

Any doubt about the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." (citation omitted)); *Sandoval v. Republic Servs., Inc.*, No. 2:18-cv-01224-ODW(KSx), 2018 WL 1989528, at *2 (C.D. Cal. Apr. 24, 2018). A removal's propriety "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion." *Libhart*, 529 F.2d at 1065.

*i. <u>Complete Diversity</u>*

Complete diversity exists only when "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437

U.S. 365, 373 (1978). For purposes of diversity jurisdiction, individuals' state citizenship is "determined by [their] state of domicile": the place where they "reside[] with the intention to remain[.]" *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Here, the parties do not dispute that complete diversity exists. Plaintiff alleges that she is a citizen of California, while Defendant is an Irish corporation with its principal place of business in Dublin, Ireland. *See* NOR ¶¶ 2–3. Accordingly, Defendant has established complete diversity of citizenship. The remaining jurisdictional question is whether Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

*ii. <u>Amount in Controversy</u>*

Plaintiff argues that Defendant has not established that the amount in controversy exceeds $75,000 because the Complaint does not specify a damages amount and Defendant relies primarily on Plaintiff's pre-litigation settlement demand. *See* Mot. at 6–8. Plaintiff contends that the settlement demand does not establish the amount in controversy because settlement negotiations often involve inflated or strategic demands that do not reflect the actual value of a claim. *See id.*

Defendant responds that the amount in controversy requirement is satisfied because Plaintiff demanded $95,000 before filing suit, and the Complaint seeks compensatory damages, punitive damages, attorney's fees, and other relief. See Opp'n at 6–7. Defendant further argues that Plaintiff's allegations of physical injury, emotional distress, damage to her wheelchair, and discriminatory treatment support a finding that the amount at stake exceeds the jurisdictional threshold. *See id.*

The Court agrees with Defendant. Although a settlement demand alone is not necessarily dispositive of the amount in controversy, it is relevant evidence of the amount Plaintiff placed at issue before filing suit. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (holding that a plaintiff's demand letter may be considered in determining the amount in controversy where it reflects a reasonable estimate of the value of the claim). Here, Plaintiff's $95,000 settlement demand exceeds the jurisdictional threshold by $20,000. *See* Bronach O'Connell Declaration ("O'Connell Decl."), ¶¶ 5–7, Ex. A. Moreover, Plaintiff's Complaint seeks compensatory damages, punitive damages, attorney's fees, and other available relief, and alleges injuries arising from damage to her wheelchair,

emotional distress, and Defendant's alleged failure to provide disability-related accommodations. *See* Compl. at 9–10. When considered together, these allegations and the pre-litigation demand provide a reasonable basis to conclude that the amount in controversy more likely than not exceeds $75,000.

Plaintiff argues that Defendant's estimate of damages is speculative. But Defendant is not required to prove the actual amount of damages Plaintiff will recover; rather, Defendant must establish only that the amount placed in controversy exceeds the jurisdictional minimum. *See Dart Cherokee*, 574 U.S. at 88–89. Given Plaintiff's settlement demand, the types of damages sought, and the allegations in the Complaint, Defendant has satisfied that burden.

Accordingly, the Court concludes that Defendant has established diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, Plaintiff's Motion to Remand is **DENIED**.

## V. CONCLUSION

Accordingly, because the Court has federal-question jurisdiction over Plaintiff's Montreal Convention claim and supplemental jurisdiction over the related state-law claims, and because Defendant has also established diversity jurisdiction, Plaintiff's Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**